UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN J. JEFFERYS, JR., | ) | CASE NO. 5:10CV698 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| RICHARD C. WEAVER, et al., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) ) | |

On April 2, 2010, pro se Plaintiff Glenn Jefferys, Jr. filed this complaint against Defendants Richard Weaver, J.W. Halstead, and Progressive Insurance Agent Jennifer Mauer.

The complaint does not allege a specific cause of action. However, a review of the facts alleged demonstrates possible causes of action for negligence and breach of contract. Plaintiff alleges an accident occurred on February 27, 2010. More specifically, Plaintiff asserts that a volunteer fireman caused a collision with Plaintiff's vehicle. Plaintiff appears to assert that the volunteer fireman did not have proper lighting on his vehicle to make it readily apparent that it was an emergency vehicle. In addition, Plaintiff appears to fault his insurance company, Progressive Insurance, for how they handled the aftermath of the accident. For the reasons stated below, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Furthermore, a

complaint may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case[.]" *Douglas v. E.G. Baldwin & Associates*, 150 F.3d 604, 606-07 (6th Cir. 1998) (overruled on other grounds). Article III, Section 1 of the United States Constitution prescribes that "the judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Pursuant to 28 U.S.C. § 1332, Congress extended the federal judicial authority granted pursuant to 28 U.S.C. § 1331 to civil actions involving citizens of different states. Section 1332 has been interpreted to require complete diversity, i.e., that no party share citizenship with any opposing party. *See Safeco Ins. Co. of Am. v. White House*, 36 F.3d 540, 545 (6th Cir. 1994).

The Court takes no opinion on whether Plaintiff may have stated an otherwise valid claim for relief in his complaint. Instead, accepting the facts as alleged as true, it is clear on the face of the complaint that there is not complete diversity of citizenship of the parties, and that no federal question is implicated by Plaintiff's claim. This action must therefore be dismissed for lack of jurisdiction. *See Caudill v. N. Am. Media Corp*., 200 F.3d 914, 916 (6th Cir. 2000).

In his complaint, Plaintiff alleges that he is a citizen of Sebring, Ohio. Defendant Weaver is alleged to live in Alliance, Ohio; Defendant Halstead is alleged to live in Massillon, Ohio; and Defendant Progressive Insurance is alleged to be located in Mayfield Village, Ohio. As such, the facts of the complaint accepted as true establish that diversity does not exist.

Furthermore, there is no federal question presented by the alleged facts. While Plaintiff does not allege any specific cause of action, there is nothing in the complaint that could be construed as a federal cause of action. Any action related to the automobile accident would necessarily sound in negligence or some form of state statutory violation. Moreover, any claim against the insurance company would sound in contract. As such, no federal question jurisdiction exists in this matter.

Accordingly, Plaintiff Glenn Jefferys, Jr.'s complaint is DISMISSED WITHOUT PREJUDICE under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: April 12, 2010 /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT